UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHANI G.,

                          Plaintiff,

v.                                                                           CASE # 1:21-cv-00435

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>ANTHONY J. ROONEY, ESQ |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA COHN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born on September 2, 1986, and has at least a high school education. (Tr. 220, 242). Generally, plaintiff's alleged disability at the time of application was anxiety, panic attacks, and depression. (Tr. 219).

    **B.      Procedural History**

On July 12, 2019, plaintiff applied for a period of Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act. (Tr. 153). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On August 11, 2020, plaintiff appeared before ALJ Timothy McGuan. (Tr. 35-53). On October 5, 2020, ALJ McGuan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-29). On January 25, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 12, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: anxiety disorder, depressive disorder and panic attacks (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can perform semi-skilled work; and the claimant can have occasional interaction with the

public with no further interaction limitations with others.

5. The claimant is capable of performing past relevant work as a personal care aide. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since July 12, 2019, the date the application was filed (20 CFR 416.920(f)).

(Tr. 12-29).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Argument

Plaintiff argues the ALJ erred in relying on stale opinion evidence to assess the RFC and failed to develop the record by not obtaining weekly therapy treatment notes. (Dkt. No. 5 [Pl's Mem. of Law]).

### B. Defendant's Arguments

Defendant responds that the ALJ properly evaluated the medical source opinion evidence in assessing the RFC and properly developed the record. (Dkt. No. 6 [Def's Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant

will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme

Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Medical Opinion Evidence

Plaintiff argues the ALJ erred in relying on the opinion of Dr. Santarpia because her condition deteriorated, and the opinion was therefore stale. (Dkt. No. 4 at 14). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *See* 20 C.F.R. § 416.945. Furthermore, while it is the ALJ who is responsible for assessing the RFC, there is no requirement that the ALJ's RFC finding be identical to a medical opinion. *See Matta v. Astrue,* 508 Fed App'x 53 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusions may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Bliss v. Comm'r of Soc. Sec.*, 406 F.App'x 541, 542 (2d Cir. 2011) ("[T]he ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence.").

On September 6, 2019, Dr. Santarpia examined plaintiff at the request of the state agency. (Tr. 717-20). As found severe by the ALJ at Step Two, Dr. Santarpia diagnosed major depressive disorder and generalized anxiety disorder with panic attacks. (Tr. 17, 720). Dr. Santarpia assessed that plaintiff could understand, remember, and apply simple as well as complex directions and instructions; use reason and judgment to make work-related decisions; interact adequately with supervisors, coworkers, and the public; sustain concentration and perform a task at a consistent pace; sustain an ordinary routine and regular attendance at work; regulate emotions, control behavior, and maintain well-being; maintain personal hygiene and appropriate attire; and be aware of normal hazards and take appropriate precautions within normal limits. (Tr. 719-20). The ALJ found the opinion to be generally persuasive because Dr. Santarpia was a medical source with program knowledge, had a medical specialty in psychology, she examined the claimant during the relevant period, and her opinion was consistent with clinical examination and longitudinal treatment records. However, the ALJ explained the totality of the evidence supported greater limitations in social functioning than those assessed by Dr. Santarpia, which were consistent with a moderate limitation. (Tr. 25).

Plaintiff argues the ALJ erred by finding the opinion persuasive because she had a partial psychiatric hospitalization and a medication adjustment after the examination by Dr. Santarpia. (Dkt. No. 5 at 17; Tr 25).  Generally, an opinion issued during a relevant period is not stale. *Andrews v. Berryhill*, No. 17-cv-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018). Furthermore, the Second Circuit has affirmed that an ALJ is entitled to assign great weight to the opinion of a state agency consultant who has not reviewed the entire longitudinal record, so long as the subsequent treatment notes and opinion evidence does not differ materially from the evidence reviewed by the consultant. *See, e.g., Bamberg v. Comm'r of Soc. Sec.,* No. 18-CV-

00337-DB, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (*quoting Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted). ALJ McGuan thoroughly discussed the January 2020 partial hospitalization and the essentially normal mental status examination on admission and improvement at the time of discharge. (Tr. 24). In addition to the partial hospitalization records, other medical evidence after Dr. Santarpia's opinion continuously showed that plaintiff was cooperative and had full orientation, organized thoughts, good judgment, and fair insight. (Tr. 752, 760, 763, 767, 772, 783). *See Kidd v. Comm'r of Soc. Sec.*, No. 18-CV-1217 (FPG), 2019 WL 1260750, at *3, 4 (W.D.N.Y. Mar. 19, 2019) (finding consultative examiner's opinion was not automatically stale merely because it was rendered almost two years prior to the administrative hearing).

The inclusion of additional non-exertional limitations beyond those identified by Dr. Santarpia, is evidence that the ALJ did not rely solely on her opinion as argued by plaintiff. Here, the RFC limited the plaintiff to semi-skilled work and only occasional interaction with the public, based on the record as a whole and not one specific opinion. *See Schillo v. Kijakazi*, 31 F.4th 64, 2022 WL 1020381, at *9 (2d Cir. April 6, 2022) (recognizing that, even under the prior regulations, an RFC "need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence"); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (finding ALJ did not impermissibly rely on his own medical judgment because "he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole").

Further, plaintiff's medication adjustments are not indicative of deterioration or support the argument that prior opinions are stale. *See Colbert v. Comm'r of Soc. Sec.*, 313 F. Supp. 3d 562, 576 (S.D.N.Y. June 19, 2018) (increases in dosage of prescribed medications were insufficient to demonstrate that claimant was disabled where medical records established that claimant had shown improvement with consistent use of medication, and ALJ accurately described notes of treating psychiatrists, including recommended adjustment of medication and normal mental status findings). The ALJ was permitted to consider the treatment history and improvement. Here, once plaintiff was consistent with her treatment she reported an improvement, which was noted by the ALJ. (Tr. 24, 41-42, 749, 760, 763, 775).

ALJ McGuan appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, prescribed treatment and plaintiff's own descriptions of limitations. 20 C.F.R. §416.945(a)(1); *see also* 20 C.F.R. §416.913(a)(1)-(5). As discussed above, mental status exams repeatedly revealed plaintiff was cooperative and had coherent thoughts, full orientation, intact attention, concentration, and memory. (Tr. 321, 330, 335, 368, 406, 421, 522, 558, 562, 615, 653-54, 718-19). Plaintiff alleged no problems finishing what she started, following written and spoken instructions, or getting along with others. (Tr. 195). Plaintiff also described extensive activities of daily living which were consistent with the RFC. For example, plaintiff cared for her three young children, cleaned, cared for her personal needs, managed her finances, cared for her pets, shopped, socialized with friends and family, prepared meals, went to the park, enjoyed doing hair and makeup, read, and played videogames. (Tr. 39-40, 189, 192-93, 630, 719, 742, 772). *See Poupore*, 566 F.3d at 307 (evidence that Poupore cared for an infant, watched television, read, used the computer, and occasionally drove, vacuumed, and washed dishes, supported the ALJ's finding as to Poupore's testimony about his limitations not

being fully credible); *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980) (finding that activities such as cooking, sewing, shopping, and washing, even though performed "slowly" and with "an afternoon rest," in conjunction with other evidence, supported RFC).

Plaintiff has cited evidence she believes supports greater limitations and disagrees with how the ALJ evaluated the evidence. However, when substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue,* 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

### B. Duty To Develop

At the hearing, plaintiff's counsel informed the ALJ that there were outstanding records from Western New York Psychiatric, Horizons, and Erie County Medical Center (ECMC). (Tr. 37). Plaintiff's counsel also relayed prior to the hearing that she was pursuing these records. (Tr. 261-62). However, at the hearing, plaintiff's counsel clarified he was only waiting on Medical Source Statements from the identified sources. (Tr. 37-38). The ALJ graciously offered to keep the record open for two weeks for additional medical evidence. (Tr. 38). In the decision, the ALJ discussed that only evidence received was a medical statement from Dr. Alyssa Norman. (Tr. 15). Plaintiff argues the ALJ did not adequately develop the administrative record because he did not obtain additional records from ECMC, where Dr. Norman was a provider. (Dkt. No. 5 at 23).

As an initial matter, plaintiff has been represented by the same counsel since July 2019, a month after she filed her claim. (Tr. 78). Plaintiff asserts that she has been treated weekly at ECMC since February 2020, but the letter from Dr. Norman indicated plaintiff started treatment April 2020. (Dkt. No. 5 at 23; Tr. 797). Although the ALJ has an affirmative obligation to develop the administrative record, this duty is not without limit. *See Eusepi v. Colvin*, 595 F. App'x 7, 9 (2d Cir. 2014) (*quoting Rosa v. Callahan*, 168 F.3d 72, 79 & n. 5 (2d Cir. 1999)); *Guile v. Barnhart*,

No. 07–CV–259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010). ALJ McGuan left the record open and there is no evidence plaintiff's counsel sought any further extension of time or assistance from the ALJ. *See Melton v. Colvin*, No. 13-CV-6188, 2014 WL 1686827, at *8 (W.D.N.Y. Apr. 29, 2014) ("[T]he ALJ satisfied her duty to develop the record by holding the record open after the hearing and subsequently granting Plaintiff's request for an additional 7–day extension.").

If these records were requested by the plaintiff, as stated at the hearing, it would have been appropriate for the ALJ to "satisfy the duty to develop the record by relying on the plaintiff's counsel to obtain additional medical documentation." *Wozniak v. Comm'r of Soc. Sec.*, No. 1:14-CV-00198, 2015 WL 4038568, at *9 (W.D.N.Y. June 30, 2015); *Myers ex rel. C.N. v. Astrue*, 993 F.Supp.2d 156, 163 (N.D.N.Y. 2012). Notably, plaintiff did not submit any additional or updated records from ECMC to the Appeals Council or this Court. *See 20 C.F.R. § 404.970(b),* 42 U.S.C. § 405(g). The record also contained a treating source medical opinion form from Dr. Norman at ECMC with findings of improvement with medication and psychotherapy. (Tr. 801). Plaintiff's prognosis was regarded as fair with ongoing treatment. (Tr. 797). Plaintiff has not identified what the records would have shown and the medical opinion statement does not support greater limitations than assessed by the ALJ in the RFC.

In sum, the ALJ properly developed the record. As stated previously, the administrative record was kept open for the submission of medical records. *Brown v. Colvin,* No. 3:14-CV-1784 (WIG), 2016 WL 2944151, at *2–3 (D. Conn. May 20, 2016)("When an ALJ holds open the record . . ., the ALJ will be found to have fulfilled her duty to develop the record."); *Perry v. Saul,* 2020 WL 5544347, at *5 (W.D.N.Y. Sept. 16, 2020) (finding ALJ did not fail to develop the record where at the hearing the claimant's attorney advised of outstanding records she was trying to locate, the ALJ agreed to hold the record open to allow the attorney to submit the records, but the

attorney neither submitted the records nor sought the ALJ's assistance in obtaining the records, "including requesting the ALJ exercise her authority … to subpoena such records....") *(citing Jordan v. Comm'r of Soc. Sec.,* 142 F. App'x 542, 543 (2d Cir. 2005)).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 6) is **GRANTED**.

Dated: February 7, 2024  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge